UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM WORKMAN,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:17-cv-00508-MMD-CBC

ORDER

This pro se habeas matter under 28 U.S.C. § 2254 is before the Court on Respondents' motion to dismiss certain grounds in Petitioner William Workman's ("Petitioner" or "Workman") amended petition (ECF Nos. 13, 18). Workman did not file an opposition or respond to the motion in any way. As discussed below, the motion is granted in part and denied in part.

## I. PROCEDURAL HISTORY AND BACKGROUND

On January 4, 2010, a jury convicted Workman of burglary (Exh. 21).[1] The state district court adjudicated him a habitual criminal and sentenced him to life with the possibility of parole after 10 years. (Exh. 26.) Judgment of conviction was entered on March 25, 2010. (Exh. 29.)

The Nevada Supreme Court affirmed Workman's conviction on February 9, 2011, and remittitur issued on March 11, 2011. (Exhs. 48, 50.)

On February 23, 2017, the Nevada Court of Appeals affirmed the denial of Workman's state postconviction petition. (Exh. 143.) Remittitur issued on March 21, 2017. (Exhs. 143, 148.)

///

///

---

[1]The exhibits referenced in this order are Respondents' exhibits and are found at ECF Nos. 20–26, and 29.

On or about August 22, 2017, Workman dispatched his federal habeas petition for filing (ECF No. 13). He asserted claims of ineffective assistance of counsel as follows:

Ground 1(a): counsel failed to conduct pretrial investigation;

Ground 1(b): counsel failed to call certain witnesses in support of Workman's defense;

Ground 1(c): counsel failed to present evidence that Workman required shelter as a result of his illness (ECF No. 13 at 3–4).[2]

With leave of the Court, Workman filed supplemental claims on July 24, 2018. Thus, the operative petition is an amended petition comprised of the original petition (hereafter referred to as grounds 1(a)–(c) in ECF No. 13) and the supplemental claims (hereafter referred to as grounds 2–4 in ECF No. 18). The supplemental claims are:

Ground 2: counsel was ineffective for failing to object when a potential juror stated, "He must have done something wrong to be sitting in that chair;"

Ground 3: The state engaged in prosecutorial misconduct when the prosecutor said that Workman had been previously convicted of felony failure to register, in violation of court instructions;

Ground 4: Workman is innocent (ECF No. 18).

Respondents now argue that grounds 2–4 in the amended petition do not relate back to the timely-filed original petition and that some claims are unexhausted (ECF No. 40).

## II. LEGAL STANDARDS AND ANALYSIS

### A. Relation Back

Respondents argue that grounds 2, 3, and 4 do not relate back to a timely-filed petition and should thus be dismissed as untimely. (ECF No. 40 at 5–6.) A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective

///

---

[2] Workman set forth these claims as a single ground. While Respondents re-numbered the claims as grounds 1-3, the Court views this as more of a single ground with three subparts. Thus, the original petition sets forth grounds 1(a)–(c), and the Court refers to the supplemental grounds as grounds 2–4.

Death Penalty Act's ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. That is the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. *Id.* at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 & n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the Nevada Supreme Court affirmed Workman's conviction and sentence on February 9, 2011. (Exh. 48.) Workman did not seek a writ of certiorari, so his conviction became final on May 10, 2011. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009) (conviction final when Supreme Court denies petition for writ of certiorari, or when time to seek writ expires); *see also* Sup. Ct. R. 13(1). On June 21, 2011, Workman filed his state petition for writ of habeas corpus. (Exh. 54.) As Workman had no properly filed application for state post-conviction or other collateral review pending between May 10, 2011, and June 21, 2011, he utilized 42 days of his AEDPA limitations period. 28 U.S.C. § 2244(d)(2). His state petition was pending in state court until March 21, 2017, when the Nevada Supreme Court issued its remittitur in Workman's post-conviction appeal. (Exh. 148.) The state court action statutorily tolled the limitations period. 28 U.S.C. § 2244(d)(2).

///

Workman mailed his original federal habeas petition in this action on August 22, 2017, utilizing 154 days of untolled time in the process (ECF No. 13). Filing a federal action does not toll the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 180 (2001). The statute of limitations expired thereafter on February 7, 2018. Workman filed his supplemental claims on July 24, 2018, more than 5 months after the AEDPA limitations period expired (ECF No. 18). 28 U.S.C. § 244(d)(1)(A). Therefore, the supplemental claims in the amended petition must relate back to Workman's original petition (grounds 1(a)–(c)) in order to be deemed timely.

Ground 2 is a claim of ineffective assistance of counsel ("IAC") for failing to object when a potential juror stated, "He must have done something wrong to be sitting in that chair" (ECF No. 18 at 1). While grounds 1(a)–(c) are also IAC claims, they are based on an alleged failure to investigate. Ground 2 is based upon an event separate in time and type from the events that form the basis of grounds 1(a)–(c). Ground 2 does not share a common core of operative facts with any timely-raised claims. Ground 2, therefore, does not relate back.

Ground 3 is a claim of prosecutorial misconduct and shares no common core of operative facts with the claims of IAC for failure to investigate (ECF No. 18 at 1). Ground 3 does not relate back. Ground 4 merely asserts, with no elaboration whatsoever, that Workman is innocent. *Id.* To the extent that ground 4 states a claim, it does not share a common core of operative facts with the claims that counsel failed to investigate. Ground 4 does not relate back.

Accordingly, the Court concludes that grounds 2, 3 and 4 do not relate back to timely-filed claims and are, therefore, dismissed as untimely.

**B.   Exhaustion**

Alternatively, Respondents argue that grounds 2, 3, and 4, as well as ground 1(c), are unexhausted. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts

a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Henry*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See*

*Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### 1. Ground 2

Workman claims that counsel failed to object when a potential juror stated, "He must have done something wrong to be sitting in that chair" (ECF No. 18 at 1). Respondents are correct that Workman did not present this claim to the highest state court. (*See* Exhs. 128, 143.) Ground 2 is therefore unexhausted.

### 2. Grounds 3 and 4

Workman alleges in ground 3 that the state engaged in prosecutorial misconduct when the prosecutor stated that Workman had been previously convicted of felony failure to register, in violation of court instructions (ECF No. 18 at 1). Ground 4 is a claim of actual innocence. *Id.* Workman presents these claims for the first time in this federal habeas petition; he never presented them in state court. Thus, grounds 3 and 4 are also unexhausted.

### 3. Ground 1(c)

Workman contends that his trial counsel rendered ineffective assistance when she failed to present evidence that Workman needed shelter because he was ill (ECF No. 18 at 1). Respondents assert that ground 1(c) is unexhausted. However, this Court concludes that Workman fairly presented all subparts of federal ground 1 to the Nevada Court of Appeals in his appeal of the denial of his state postconviction petition. (Exh. 128; *see also* Exh. 143.) Accordingly, ground 1(c) is exhausted.

This Court concludes that federal grounds 2, 3, and 4 do not relate back to a timely-filed petition and must be dismissed as untimely. The Court further concludes that ground 1(c) is exhausted.

Finally, Workman filed what he styled as a motion to vacate guilty verdict (ECF No. 38). He argued that his habeas petition should be granted because Respondents had at that point not yet filed a responsive pleading. Respondents did file a motion for extension of time, however, filed by their motion to dismiss. Thus, Workman's motion is denied.

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 40) is granted in part and denied in part. It is granted as to grounds 2, 3, and 4; these three grounds are dismissed as untimely. It is denied as to ground 1(c); ground 1(c) is exhausted.

It is further ordered that Respondents' motion to extend time to file a responsive pleading (ECF No. 37) is granted *nunc pro tunc*.

It is further ordered that Petitioner's motion to vacate guilty verdict (ECF No. 38) is denied.

It is further ordered that Respondents will have 45 days to file an answer to the petition.

It is further ordered that Petitioner will have 30 days after the date of service of the answer in which to file the reply in support of the petition.

DATED THIS 24th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE